J-S30019-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| AARON CHAMBERS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DENISHEA CHAMBERS | : | |
| | : | |
| Appellant | : | No. 185 MDA 2024 |

Appeal from the Judgment Entered March 5, 2024
In the Court of Common Pleas of Dauphin County
Civil Division at No(s): 2022-CV-1209-DJ

BEFORE: PANELLA, P.J.E., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SULLIVAN, J.:          **FILED: DECEMBER 23, 2024**

Denishea Chambers ("Appellant") appeals from the judgment finding her liable for a loan she received from Aaron Chambers ("Appellee"). We affirm.

The facts adduced at trial were as follows:[1]

On February 9, 2021, Appellant, Appellee's niece, asked Appellant's eighty-four-year-old mother for $3,000 to buy a house. She refused. Appellee, who was his mother's caregiver, told Larry Chambers, his brother and Appellant's father, their mother declined to give Appellant the money. *See* N.T., 6/21/23, at 5-7, 44-45. Appellee testified he felt sorry for Appellant, told her he would "help [her] out," and called his Credit Union to get the

---

[*] Former Justice specially assigned to the Superior Court.

[1] The trial court's failure to write an opinion stating the facts of the case compels this Court to do so. We express our displeasure at the trial court's failure to provide us with a statement of the evidence at trial.

$3,000 she needed. *See id*. at 7. When he got off the phone, Appellee told Appellant in her father's presence, he would loan her the money. *See id*. at 7, 29, 45. Appellee stated he, Appellant, and Appellant's father could pick up the check the next day. *See id*. at 8. The next day, Appellant met Appellee at his Credit Union and he gave her the check. *See id*. at 8-9. One day after receiving the check, Appellant contacted Appellee and asked him to give her his bank statements and a gift letter. Appellee did not understand what a gift letter was but authorized the issuance of the letter when Appellant's real estate agent told him it was a "mere formality" to help Appellee buy her home. *See id*. at 9, 22-28, 30-31. Appellant testified such a letter later issued but he did not see or sign it; when shown the letter, he testified someone else had signed his name. *See id*. at 28-29. Appellee refused Appellant's request for his bank statements, which the lender also requested. *See id*. at 52.

Appellant subsequently gave the $3,000 she got from Appellee to her second cousin, Gerri Chambers, and arranged for Ms. Chambers to give her a $3,000 cashier's check and a gift letter. *See id*. at 37-41. Sometime after Appellant bought the house, she told her father she did not need the entire $3,000 she got from Appellant but was saving the money. *See id*. at 46.

Appellee learned Appellant had not used all the loaned money to buy a house, asked her to repay the loan, and filed an action seeking repayment. *See id*. at 10. At a hearing before a district justice, Appellant admitted the $3,000 she received from Appellee was a loan. *See id*. at 19. The judge ordered Appellant to repay the money at the rate of $500 per month. *See id*.

at 32. When Appellant said she could not pay so quickly, and the parties signed a document in which Appellant stated her intent to repay the $3,000 loan in $275 installments; Appellant made a first, $100, payment that day. *See id*. at 12-13, 19, 33-34. Thereafter, Appellant failed to make further payments and told Appellee she had been instructed not to on the advice of counsel. *See id*.

Appellee testified when she was attempting to buy her house, she did not have $3,000 of the $10,000 the underwriter wanted to see in her bank account to secure the sale. *See id*. at 48-50. She testified Appellee agreed to give her the money and never described it as a loan. *See id*. at 50-51, 63. She claimed she signed the repayment agreement after the district justice hearing because she was experiencing emotional distress. *See id*. at 72.

At the conclusion of the trial, the court reserved decision. One week later, the court issued a written verdict in favor of Appellee. It found his testimony the money was a loan credible, he expected repayment, and his signature was forged on the gift letter. *See* Verdict, 6/28/23, at 1 (unnumbered). The court found the parties completed the loan contract when Appellant gave Appellee the money and there was no consideration later to change the contract from a loan to a gift. *See id*. at 2. The court further declared Appellant was not credible when she testified the money was a gift with no expectation of repayment. *See id*. It accordingly awarded Appellee $3,179, which included the costs of filing.

Appellant filed timely post-verdict motions which the court denied. Appellant complied with Pa.R.A.P. 1925(b); in *lieu* of an opinion, the trial court directed this Court to its written verdict.

Appellant asserts one issue for our review:

> Did the [trial court] err as a matter of law insofar as it found a contract for repayment existed between the parties where the basic terms to support such a finding are not supported by the competent evidence in the record?

Appellant's Brief at 4.

Appellant asserts insufficient evidence exists to support the finding she had a contract to repay Appellant.

When a trial court sits as the finder of fact, an appellate court defers to its findings of fact and credibility determinations. *See Stephan v. Waldron Elec. Heating and Cooling LLC*, 100 A.3d 660, 664 (Pa. Super. 2014). The existence of an enforceable contract is a question of law over which this Court's standard of review is *de novo* and scope of review is plenary. *See Toppy v. Passage Bio, Inc.*, 285 A.3d 672, 682 (Pa. Super. 2022). To maintain cause of action for breach of contract, a party must establish the existence of a contract including its essential terms, a breach of a duty imposed by the contract, and damages. *See Gorski v. Smith*, 812 A.2d 683, 692 (Pa. Super. 2002). The basic elements of a contract are an offer, acceptance, and consideration. *See Estate of Caruso v. Caruso*, 322 A.3d 885, 896 (Pa. 2024). Not every term of a contract must be stated in complete

detail. Where an essential term is missing, the court may infer the parties' intent from other evidence and impose a term consistent with it. **See Nicholas v. Hoffman**, 158 A.3d 675, 694 (Pa. Super. 2017). "Indeed, courts will . . . enforce informal agreements that are missing 'material' terms so long as the parties agree on the essential terms." **Toppy**, 285 A.3d at 682.

Appellant argues Appellee failed to prove the existence of a contract in part because the parties did not discuss repayment terms. **See** Appellant's Brief at 8, 10. Appellant concedes uncertainties in contract terms may be clarified by surrounding circumstances but asserts Appellee's own testimony that they did not discuss payment terms and the existence of the gift letter defeat his assertion of an enforceable loan contract. **See id**. at 9-10.

The trial court found the lack of repayment terms did not disprove Appellee had loaned Appellant the money with the expectation of repayment, and further credited Appellant's testimony that the loan contract had been completed by the time Appellant received the money. **See** Verdict, 6/28/23, at 1 (unnumbered). The court also credited Appellee's testimony that his signature was forged on the gift letter and also found the receipt of a gift letter after the parties contracted was without consideration and did not convert the loan into a gift. **See id**.

We find no legal error in the trial court's ruling. The trial court correctly held a contract existed because there was an offer, acceptance, and consideration. **See Estate of Caruso**, 323 A.3d at 896. Further the record

supports the trial court's finding of an enforceable loan contract. The trial court credited Appellee's testimony that he told Appellant the money was a loan as soon as he got off the phone with his Credit Union, **see** N.T. 6/21/23, at 7, 9, testimony corroborated by Appellant's own admissions before the district justice, **see id**. at 29, and Appellant's father's testimony, **see id**. at 45. The record also supports the trial court's finding Appellant did not sign the gift letter. **See id**. at 28. The parties' intent to form a contract is manifest from the clarity with which Appellee stated the money was a loan, and Appellant's later admission to that fact. **See Nicholas**, 158 A.3d at 694. That Appellee had not specified repayment terms at the time of the loan does not convert what was explicitly acknowledged to be a loan into a gift; the trial court was free to infer the parties' intent from the facts of record and find accordingly. **See Toppy**, 285 A.3d at 682; **Hoffman**, 158 A.3d at 694.

Judgment affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/23/2024